

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1068
Re: Construction of phrase
"No department can ex-
pend", as used by the
46th Legislature in S.B.
427, in the paragraph of
the general rider there-
to governing the expendi-
ture of appropriations
made for traveling ex-
penses, contingent ex-
penses, telegrams, phone
and telegraph, and post-
age.

We have for acknowledgment your letter of October 23, 1939, wherein you ask the opinion of this department on the following question:

"The rider to Senate Bill No. 427, the General Appropriation Bill passed at the Regular Session of the Forty-sixth Legislature, reads, in part:

'It is further provided that, during any three month period, no department can expend more than one-fourth (1/4) of the appropriation made herein for: (a) traveling expenses, (b) contingent expenses, (c) telephone and telegraph, (d) postage, provided that any unexpended balances from preceding quarters may be expended during subsequent quarters.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



"In passing upon claims presented to this department for payment it becomes necessary for legal construction of the wording, 'No department can expend.' Does this mean that a department can not contract for more than one-fourth of the appropriation during any one quarter? To be specific: A department, during the first quarter of the fiscal year, makes purchases to the amount of one-fourth of its appropriation. During this same quarter the department head contracts against the amount available for the next quarter. Is such procedure legal? In other words, does the department head have the right to contract for supplies during the present quarter against the appropriation that becomes available in the next ensuing quarter and to pay for same accordingly?"

In construing the above rider, it must be borne in mind that the prime function of this department, as well as that of the courts, is to determine the legislative intent, and in so doing, due regard must be had to the "old law, the evil and the remedy." (Art.10, Sec. 6, R.C.S.1925), and that construction of a statute should be adopted which is reasonable and which will effectuate the purpose of the Legislature in adopting it. Imperial Irrigation Co. v. Jayne, 104 Tex.395, 138 S. W. 575; Oliver v. State, 65 Cr.R.150, 144 S. W. 604. A statute should not be given a construction that will render it vain and purposeless, if it can be otherwise construed. Stolte v. Karren (Civ.App.) 191 S. W. 600.

It must be recognized that previous appropriation bills had, by their terms, placed it within the power of a department to exhaust completely its appropriations for the purposes above mentioned in the quoted rider, during the early part of the fiscal year; and that in many instances such appropriation had been thus exhausted in the early part of the fiscal year, leading to the result that the department was without appropriated funds available for such purposes during the latter part of the fiscal year, so that there ensued either a partial paralysis of the functions of the department or an application allowed by the Governor for a deficiency warrant. This was the old law and the evil at which the Legislature was



striking in the rider quoted.

The remedy applied by the Legislature obviously was intended to require that the appropriations named be divided into quarters, each of which was to serve to carry on the functions of the department during the particular quarter of the year in which it might be, under the rider, "expended". The Legislature was not concerned solely with the matter of when the money might be actually paid out, for this construction would permit a department to purchase and use supplies during the first quarter of the year out of its contingent fund and contract that payment should be made therefor out of the monies in said appropriation available for expenditure only during the last quarter. The Legislature, if that construction were to be adopted by this department, would have done a futile and purposeless thing in enacting the rider, since the evil at which it was striking would be undisturbed.

In our opinion, the Legislative intention was clearly to require that each quarter's appropriation might be expended during that quarter only for departmental expenses necessarily incurred in carrying out the functions of the department during that quarter or extending into the subsequent quarter or quarters, and, conversely, that appropriations available for expenditure during subsequent quarters should not be obligated to pay expenses incurred for supplies or services used in carrying on the functions of the department in an earlier quarter of the fiscal year.

Lexicographers define the term "expense" as having various meanings, among them being "to pay out", "to lay out", "to spend", and "to dispose of". Webster states that in accounting practice, "the creation of a liability" is regarded as an "expenditure". We think that it was in this latter sense that the term was used by the Legislature. See the case of Norman, Auditor, v. Central Kentucky Lunatic Asylum, (Ky) 17 S. W. 150.

It is our opinion, therefore, that a contract for supplies to be delivered during an early quarter of the fiscal year is to be regarded as an "expenditure" of the purchase price therefor during that quarter, though actual payment is to be made in a later quarter out of



funds available for expenditure in such later quarter.

We do not, however, believe that the Legislature intended to prohibit a department from contracting, in an early quarter of the fiscal year, for supplies to be delivered during a subsequent quarter, and paid for during such subsequent quarter out of funds available for expenditure in such subsequent quarter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R.W. Fairchild*

R. W. Fairchild
Assistant

RWF-MR

APPROVED OCT 30, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN